```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
GLOBAL LEADERSHIP FOUNDATION              :
                                         :
                           Plaintiff,    :
                                         :     21cv10942 (DLC)
              -v-                        :
                                         :     OPINION AND ORDER
CITY OF NEW YORK, et al.,                :
                                         :
                           Defendants.   :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Violet Elizabeth Grayson
548 West 148th Street
New York, NY 10031

For defendants:
Meagan Marie Keenan
Michael Steven Chestnov
New York City Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

Global Leadership Foundation ("GLF") brought this action against the City of New York (the "City"), the New York Department of Finance, the Tax Commission of the City of New York, and various government officials for alleged retaliation and constitutional violations in the assessment and collection of taxes on the plaintiff's property. The defendants have moved to dismiss the complaint. For the following reasons, the defendants' motion is granted.

**Background**

The following facts are taken from the First Amended Complaint ("FAC") and are assumed to be true for the purposes of this motion.  GLF is a non-profit corporation offering various cultural and educational services.  GLF's board of directors consisted of Hee Nam ("Henry") Bae, as well as his wife and his son, Dae Kyung ("Damon") Bae.

In 2013, GLF acquired a property in Queens (the "Property") and received a temporary tax exemption for charitable use.  On December 1, 2015, GLF applied for a permanent property tax exemption.  On December 7, 2016, the Department of Finance denied GLF's request, explaining that GLF's mission did not qualify it for an exemption.  GLF appealed the determination, and its appeal was denied on May 21, 2018.  GLF then filed two more applications for a tax exemption, both of which were denied.

Throughout this period, GLF did not pay its property taxes.  The Department of Finance therefore imposed a tax lien on the Property.  The City also cancelled its contract with GLF's pre-kindergarten program, and refused to provide GLF with any voucher payments.  Additionally, the City's assessment of the Property's value rose significantly during this period.  Between 2010 and 2013, when the Property was used as a Catholic convent, the assessed value of the Property increased by only $30,000.

But between 2013 and 2020, when GLF owned the Property, the assessed value rose by over $900,000.  Because it could not handle its tax burden, GLF ceased all operations on the Property at the end of 2019, and leased it to a Presbyterian church.  The Department of Finance approved a full property tax exemption for the Property once it was occupied by the Church.

GLF alleges that defendants denied its requested tax exemption and increased the assessed value of the Property as an act of retaliation against GLF's board members.  Until 2018, Henry and Daemon Bae owned a dry-cleaning business in East Harlem.  Beginning in 2008, the City sought to condemn certain properties in East Harlem, including a property that housed the Baes' business.  The Baes opposed the City's plan, both through the courts and through public protest.  Ultimately, however, the Baes' efforts were unsuccessful, and the City evicted their dry-cleaning business in April of 2018.  GLF claims that the defendants denied their tax exemption and increased the assessed value of the Property in retaliation for their opposition to the East Harlem development plan.

GLF also alleges that the defendants' taxation of the Property discriminates against it because it is not a religious institution.  GLF alleges that religious organizations' applications for tax exemptions are routinely granted without close scrutiny, and that they are rarely revoked.

On December 21, 2021, GLF filed this action, bringing claims pursuant to 42 U.S.C. § 1983 for violations of the Free Speech Clause, Establishment Clause, Due Process Clause, and Equal Protection Clause, as well as claims against the City for municipal liability. The defendants filed a motion to dismiss on April 15, and the plaintiff filed the FAC on May 4.[1] The defendants then renewed their motion to dismiss on May 18. The motion became fully submitted on June 22.

## Discussion

The defendants have moved to dismiss the FAC for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). When a Rule 12(b)(1) motion is made solely based on the allegations in the Pleading, the "task of the district court is to determine whether the Pleading alleges facts that affirmatively and plausibly suggest" that subject-matter jurisdiction exists. Carter v. HealthPort Tech., LLC, 822 F.3d 47, 56 (2d Cir. 2016) (citation omitted). In making this determination, the court must "accept as true all material factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff." Lacewell v. Office of Comptroller of Currency, 999 F.3d 130, 140 (2d Cir. 2021) (citation omitted).

---

[1] The plaintiff was warned that it would likely have no further opportunity to amend.

4

The defendants argue that a federal court lacks jurisdiction over GLF's claims under the Tax Injunction Act ("TIA") and the related "comity doctrine." The TIA states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Accordingly, the TIA deprives a court of subject-matter jurisdiction over a claim if two conditions are met: "first, the surcharges must constitute 'taxes,' and second, the state remedies available to plaintiffs must be 'plain, speedy, and efficient.'" Ass'n for Accessible Meds. v. James, 974 F.3d 216, 221 (2d Cir. 2020) (citation omitted). The TIA "prohibits declaratory as well as injunctive relief." Id. (citation omitted).

The Supreme Court has also articulated a "comity doctrine" that is "more embracive" than the TIA. Levin v. Commerce Energy, Inc., 560 U.S. 413, 424 (2010). This doctrine "bars federal courts from granting damages relief" in state tax cases. Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 107 (1981). Like the TIA, the comity doctrine "bars claims that risk disrupting state tax administration if an adequate, speedy, and efficient remedy exists in state court." Dorce v. City of New York, 2 F.4th 82, 98 (2d Cir. 2021) (citation omitted).

The Supreme Court has identified three factors to "distinguish between cases where comity controls and those that may proceed in federal court." Id. at 99.  First, a federal court provides a less appropriate forum in cases that do not involve "classifications subject to heightened scrutiny or fundamental rights." Id. at 100 (quoting Levin, 560 U.S. at 426).  Second, comity is more likely to bar cases in which "the court must decide whether the inequality should be fixed by 'leveling up' -- extending the benefit to all -- or 'leveling down' -- withdrawing the benefit from all." Id. (quoting Levin, 560 U.S. at 426-27).  And third, state courts and agencies are better suited to hear cases in which the plaintiff's "own tax liability" is at issue.  Id. (quoting Levin, 560 U.S. at 430).

GLF's claims must be dismissed for lack of subject matter jurisdiction under the TIA and the comity doctrine.  Each of GLF's claims alleges that the defendants' assessment of its Property's value and denial of a tax exemption violate its constitutional rights.  GLF's claims and requested relief therefore all challenge the "assessment" and "collection" of taxes against the Property.  28 U.S.C. § 1341.  Additionally, New York provides a "plain, speedy, and efficient" process through which taxpayers can challenge the constitutionality of a tax.  See Bernard v. Village of Spring Valley, 30 F.3d 294, 297 (2d Cir. 1994); Long Island Lighting Co. v. Town of Brookhaven,

889 F.2d 428, 431 (2d Cir. 1989).  Accordingly, both the TIA and the comity doctrine bar GLF's action.  See 28 U.S.C. § 1341; Dorce, 2 F.4th at 98.

Consideration of the three comity factors confirms this conclusion.  Only the first factor weighs in GLF's favor, as its claims implicate fundamental rights under the Free Speech and Establishment Clauses.  See Mahanoy Area Sch. Dist. v. B. L., 141 S. Ct. 2038, 2048 (2021) (Free Speech Clause); Levin, 560 U.S. at 430 (Establishment Clause) (citing Hibbs v. Winn, 542 U.S. 88, 93-94 (2004)).  The latter two factors, however, both weigh against a federal forum.  This is not a case in which "the only possible remedy" is the one that GLF requests.  Dorce, 2 F.4th at 100.  GLF's Establishment Clause and Equal Protection Clause claims present the kind of "equal treatment" claim that can be remedied "in more than one way."  Levin, 560 U.S. at 427 (citation omitted).  And most importantly, GLF does not present a general challenge to an allegedly unconstitutional government program -- its claims all arise out of its "own tax liability." Dorce, 2 F.4th at 100; see also Luessenhop v. Clinton County, 466 F.3d 259, 266 (2d Cir. 2006) (explaining that the TIA is targeted at "the prevention of a particular evil; namely, using federal courts as a vehicle to bring suits challenging the validity or amount of a particular tax assessed against an individual person or entity.").

GLF argues that its suit is not barred by the TIA or comity doctrine because it does not seek to challenge or inhibit the collection of taxes against it.  Instead, GLF characterizes its claims as requesting only a declaration prohibiting the defendants' alleged unconstitutional violations, and compensatory damages for those violations.  But the actions that GLF alleges violate the Constitution consist entirely of the defendants' assessment and collection of taxes on the Property.  The TIA bars a declaration that such actions are unconstitutional, and the comity doctrine prohibits an award of compensatory damages.  Ass'n for Accessible Meds., 974 F.3d at 221; Fair Assessment, 454 U.S. at 107.

GLF cites to several cases in which it claims that federal courts heard claims similar to those presented in the FAC.  Some of these cases are distinguishable, however, because they involve challenges to federal taxation, to which neither the TIA nor the comity doctrine apply.  See, e.g., Zherka v. Ryan, 52 F. Supp. 3d 571, 576 (S.D.N.Y. 2014); Z Street, Inc. v. Koskinen, 44 F. Supp. 3d 48, 52-53 (D.D.C. 2014).  Others do not mention the TIA or comity doctrine at all.  See, e.g., Abel v. Morito, 04CV07248, 2009 WL 321007 (S.D.N.Y. Feb. 10, 2009) (First Amendment retaliation claim).  In any event, GLF provides no authority holding that the TIA or comity doctrine allows a plaintiff to seek compensatory damages or declaratory relief in

federal court for the allegedly unconstitutional assessment and collection of state and local taxes against it.

Finally, GLF argues that neither the comity doctrine nor the TIA should bar its case because New York did not provide a "plain, speedy, and efficient" process by which its claims could be resolved. GLF points to the two-and-a-half-year period during which the Finance Department adjudicated GLF's appeal and renewed applications regarding the denial of its tax exemption, as well as its petition pursuant to N.Y. C.P.L.R. Article 78, which has been pending since 2018. The Article 78 petition was amended in 2020, however, and oral arguments have since been held.

GLF provides no authority to suggest that these time periods preclude application of the TIA or comity doctrine, especially as much of the delay is attributable to GLF's own decisions to file renewed applications or amendments. Cf. Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 528 (1981) (two-year delay did not preclude application of the TIA). Nor does GLF contest that New York's process satisfies the "minimal procedural criteria" that the TIA requires, "including a full hearing and judicial determination at which a taxpayer may raise any and all constitutional objections to the tax." Entergy Nuclear Vt. Yankee, LLC v. Shumlin, 737 F.3d 228, 233-34 (2d Cir. 2013) (quoting Rosewell, 450 U.S. at 512, 514).

Accordingly, the TIA and the comity doctrine apply to GLF's claims, and prevent them from being aired in a federal forum.

## Conclusion

The defendants' May 18, 2022 motion to dismiss is granted. The Clerk of Court shall enter judgment for the defendants and close the case.

Dated:   New York, New York
         July 15, 2022

                                    _____
                                            DENISE COTE
                                    United States District Judge