UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
GLOBAL LEADERSHIP FOUNDATION          :
                                      :
                     Plaintiff,       :        21cv10942 (DLC)
                                      :
           -v-                        :           MEMORANDUM
                                      :       OPINION AND ORDER
CITY OF NEW YORK, et al.,             :
                                      :
                     Defendants.      :
                                      :
------------------------------------- X

APPEARANCES:

For plaintiff:
Violet Elizabeth Grayson
548 West 148th Street
New York, NY 10031

For defendants:
Meagan Marie Keenan
Michael Steven Chestnov
New York City Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

        On August 11, 2022 plaintiff Global Leadership Foundation

("GLF") moved to set aside the July 18 judgment dismissing the

case for lack of subject matter jurisdiction.  For the following

reasons, GLF's motion is denied.

        GLF filed this action on December 21, 2021, and filed an

amended complaint on May 4, 2022, bringing various

constitutional claims against the defendants for their

assessment of property taxes against one of GLF's properties.

GLF alleged that the defendants denied its requested property
tax exemption, and significantly increased the assessed value of
its property, in retaliation for its founders' opposition to a
development plan that displaced one of the founders' businesses
in 2018.  GLF also alleged that the defendants
unconstitutionally discriminated against it by denying it a
property tax exemption for charitable use when religious
organizations routinely receive such exemptions without close
scrutiny.  GLF requested compensatory damages, and a declaration
that the defendants' conduct was unlawful.

On July 15, 2022, this Court issued an Opinion and Order
dismissing the case for lack of subject-matter jurisdiction.
Global Leadership Found. v. City of New York, 21CV10942, 2022 WL
2788398 (S.D.N.Y. July 15, 2022).  The Opinion found that
jurisdiction was barred by the Tax Injunction Act ("TIA"), and
the related "comity doctrine."  Id. at *2-4.  Together, these
doctrines preclude federal jurisdiction over claims for
injunctive relief, declaratory relief, and damages challenging
the "assessment, levy or connection of any tax under State law
where a plain, speedy and efficient remedy may be had in the
courts of such state."  28 U.S.C. § 1341 (TIA); see also Dorce
v. City of New York, 2 F.4th 82, 97-98 (2d Cir. 2021) (comity
doctrine).  The July 15 Opinion found that the TIA and comity
doctrine barred GLF's claims, because those claims challenged

the assessment of taxes against it, and because New York offers an adequate remedy for such claims.  Global Leadership Found., 2022 WL 2788398, at *3-4.  Judgment dismissing the case was entered on July 18.

On August 11, GLF moved to set aside the judgment.  GLF argues that the July 15 Opinion impermissibly relied on facts outside the pleadings to determine that New York's tax adjudication procedures provided a sufficient remedy under the TIA and comity doctrine.  In particular, GLF objects to the Opinion's consideration of the fact that GLF amended its N.Y. C.P.L.R. Article 78 petition two years after it was filed, and that oral argument on its petition has since been held, even though those facts were not alleged in the First Amended Complaint.  GLF argues that any delay in the Article 78 proceedings is not attributable to its own conduct, and requests that the judgment dismissing the case be vacated.  GLF has included with its motion a declaration setting forth the history of GLF's legal and administrative challenges to its property tax assessment.

The standard for granting a motion for reconsideration is "strict."[1]  Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir.

---

[1] GLF suggests that its motion is not a motion for reconsideration because it was brought under Fed. R. Civ. P. 59(e).  Motions for reconsideration, however, are not specifically mentioned by the Federal Rules of Civil Procedure.

2021) (citation omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  "A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Cho, 991 F.3d at 170.  The decision to grant or deny the motion for reconsideration rests within "the sound discretion of the district court."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

When considering a challenge to subject-matter jurisdiction "based solely on the allegations in the complaint," a court must "accept as true all material factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff."  Lacewell v. Office of Comptroller of Currency, 999 F.3d 130, 140 (2d Cir. 2021).  "[D]ocket sheets", however, are "public records" subject to judicial notice.  Mangiafico v.

---

Motions that request alteration or amendment of a judgment are generally treated as Rule 59 motions, and are subject to the standards applicable to motions for reconsideration.  See Lichtenberg v. Besicorp Group Inc., 204 F.3d 397, 401 (2d Cir. 2000); Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012).

Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); see also Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) ("courts routinely take judicial notice of documents filed in another courts").  It was therefore appropriate for the July 15 Opinion to take notice of the facts, which GLF does not dispute, that GLF amended its Article 78 petition approximately two years after it was originally filed, and that oral argument has since been held in its case.

The determination that the TIA and comity doctrine bar this action, however, does not depend on these facts; GLF has regardless failed to show that New York does not provide an adequate remedy for its claims.  The Second Circuit has found that New York "provides several remedies" permitting constitutional challenges to property taxes, and that these remedies satisfy the TIA and comity doctrine's procedural requirements.  Long Island Lightning Co. v. Town of Brookhaven, 889 F.2d 428, 431 (2d Cir. 1989).

GLF objects that the Article 78 proceeding is too slow to provide an adequate remedy, and that the proceeding cannot award GLF the compensatory damages it seeks in this action.  But GLF has access to other remedies, "such as a § 1983 action in state court," that can provide the forms of relief it seeks.  Bernard v. Village of Spring Valley, 30 F.3d 294, 297 (2d Cir. 1994).

GLF's failure to pursue these state remedies does not permit it to bring its claims in federal court.

## Conclusion

The plaintiff's August 11, 2022 motion to set aside the judgment is denied.

Dated:     New York, New York
           August 26, 2022

                         _____
                              DENISE COTE
                         United States District Judge